UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESTRY E. THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1643 |
| | § | |
| TDCJ, | § | |
| | § | |
| Defendant. | § | |

## OPINION ON DISMISSAL

Plaintiff Destry E. Thomas, a state inmate confined in the Texas Department of Criminal Justice - Correctional Institutions Division's (TDCJ-CID) Estelle Unit, has filed a *pro se* civil rights suit alleging that he was sexually assaulted by dozens of prison officials. (Docket No. 1.) Plaintiff has previously filed multiple complaints raising similar unsupported allegations which the court dismissed because of Plaintiff's history of filing frivolous pleadings. *Thomas v. Jackson*, Civil No. H-12-3632 (S.D. Tex. Dec. 3, 2012); *Thomas v. Jackson*, Civil No. H-12-2725 (S.D. Tex. Jul. 27, 2011). Plaintiff has not paid the required filing fee and presumably seeks permission to proceed *in forma pauperis.* Having reviewing all of the pleadings and Plaintiff's litigation history, the Court dismisses this case for reasons that follow.

Under 28 U.S.C. § 1915(g), a prisoner cannot file a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. The only exception to this revocation of an inmate's privilege to proceed *in forma pauperis* is if he is in imminent danger of serious physical harm. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Plaintiff is clearly subject to the three-strikes bar under Section 1915(g). The Public Access to Court Electronic Records (PACER) website reveals that Thomas has filed more than **sixty** prisoner civil rights complaints and habeas petitions since 1995. The courts have dismissed as frivolous at least four of his prisoner civil rights complaints. *Thomas v. Castillo*, Civil No. H-09-3871 (S.D. Tex. 2009); *Thomas v. Mooneyham*, Civil No. 7:07cv137 (N.D. Tex. 2007); *Thomas v. Bravo*, Civil No. 5:00cv835 (W.D. Tex. 2000); *Thomas v. Bravo*, Civil No. 5:97cv881 (W.D. Tex. 1997). In addition, the United States Court of Appeals for the Fifth Circuit dismissed one of Thomas's appeals as frivolous. *Thomas v. McFarland*, Appeal No. 02-21267 (5th Cir. 2003).

Based on Plaintiff's litigation history and the lack of specific factual allegations in the complaint, the Court determines that Plaintiff's present claims do not satisfy the "imminent danger" exception under Section 1915(g). Although Plaintiff makes graphic allegations about being sexually assaulted by dozens of different prison employees, his allegations appear to be irrational or wholly incredible and, therefore, are not entitled serious consideration. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible . . ."; *see also Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in."). Moreover, as mentioned above, Plaintiff has previously raised similar claims of rape and sexual assaults which were found to have no credibility. Close inspection of Plaintiff's pleadings also reveals that the essence of Plaintiff's allegations is his dissatisfaction with the medical and psychiatric care he has been receiving. However, nothing in his complaint supports a finding that he is being denied necessary care or was in imminent danger of serious physical harm when he filed this case. *Abdul-Akbar v.*

*McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending."). Thus, Plaintiff's present claims are barred under the three-strikes provision in 28 U.S.C. § 1915(g). However, in an abundance of caution the Court will direct the Clerk to send a copy of this Order of Dismissal to the TDCJ General Counsel, the director of TDCJ health services, and the senior warden at the Estelle Unit, for advisory purposes only.

Accordingly, it is ORDERED that this complaint is DISMISSED under 28 U.S.C. § 1915(g). Any pending motions are further DENIED.

The Clerk will provide copies of this Order of Dismissal, by regular mail or by electronic means if available, to the parties and to: TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager; Senior Warden, TDCJ Estelle Unit, 264 FM 3478, Huntsville, Texas 77320-3320; and, Director of the TDCJ Health Services Division, 3009-A Highway 30 West, Huntsville, Texas 77430-0769.

SIGNED at Houston, Texas, this 20th day of June, 2014.

                                        MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE